**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

OLIVIA FREEMAN,

                  Plaintiff,

          v.

SAFECO INSURANCE COMPANY     Case No.  3:26-cv-00184-ACP
OF AMERICA,

                 Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

Self-represented litigant Olivia Freeman ("Plaintiff") commenced this action in the Alaska Superior Court, and Defendant subsequently removed the action to federal court on the basis of diversity jurisdiction.[1] On May 11, 2026, Plaintiff moved to remand this action to the Alaska Superior Court. Defendant responded in opposition, and Plaintiff replied.[2] On June 1, 2026, Defendant filed an Answer to the Complaint.[3]

### I.    Legal Standard

Removal is proper if the federal court would have had original jurisdiction over the action.[4] A removing defendant bears the burden to establish subject-

---

[1] Docket 1. *See also Olivia Freeman v. Safeco Insurance Company of America,* Case No. 3AN-26-05794CI.

[2] Dockets 10-12.

[3] Docket 13.

[4] 28 U.S.C. § 1441.

matter jurisdiction.[5] To establish subject matter jurisdiction pursuant to diversity of citizenship, a defendant removing a case to federal court must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000, exclusive of interest and costs.[6]

The amount in controversy is generally determined from the face of the pleadings.[7] A district court first considers whether it is "facially apparent" from the complaint that at least $75,000 is in controversy.[8] When the amount in controversy is not clear from the face of the complaint, the defendant seeking removal bears the burden of proving the jurisdictional threshold by a preponderance of the evidence—that is, that it is "more likely than not"—that the amount in controversy exceeds $75,000.[9] A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.[10] A defendant may rely on reasonable assumptions in calculating the amount,[11] and

---

[5] *California ex rel. Lockyer v. Dynegy, Inc.,* 375 F.3d 831, 838 (9th Cir. 2004).

[6] 28 U.S.C. § 1332(a).

[7] *See Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000).

[8] *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

[9] *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004). *See also Sanchez,* 102 F.3d at 404 (holding that the removing defendant had burden of proving, by preponderance of evidence, that it was "more likely than not" that amount in controversy).

[10] 28 U.S.C. § 1446(a).

[11] *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)).

Case No. 3:26-cv-00184-ACP, *Freeman v. Safeco Insurance Company of America*
Order Denying Plaintiff's Motion for Remand
Page 2 of 6

the defendant's amount-in-controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court."[12]

## II.    Discussion

Upon review, Defendant has demonstrated complete diversity of citizenship between the parties.[13] With respect to the amount in controversy, Plaintiff's filings do not describe the property, quantify her loss, or include a specific request for monetary damages.[14] Plaintiff's Complaint alleges only that she "maintained a valid insurance policy … providing coverage for personal property losses" and "suffered a theft loss involving personal property" in or around November 2025.[15] However, Plaintiff alleges she "timely reported the loss," provided "a detailed inventory of the stolen property," and that Defendant investigated the claim.[16]

Defendant's Notice of Removal claims that "Plaintiff seeks damages of $100,000 or more" without factual support or explanation how it arrived at this valuation.[17] In its opposition to Plaintiff's Motion for Remand, Defendant suggests

---

[12] *Moe v. GEICO Indem. Co.,* 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee*, 574 U.S. 81, 87).

[13] Plaintiff is a resident and citizen of Alaska. Safeco Insurance Company of America is organized under the laws of New Hampshire, and its principal place of business is in Boston, Massachusetts.

[14] Docket 5-1 at 4 (seeking damages "in an amount to be determined at trial" without specific monetary values).

[15] Docket 5-1 at 2.

[16] Docket 5-1 at 2-3

[17] Docket 1.

Case No. 3:26-cv-00184-ACP, *Freeman v. Safeco Insurance Company of America*
Order Denying Plaintiff's Motion for Remand
Page 3 of 6

that Plaintiff's election to file her claim in the Alaska Superior Court—rather than the District Court—strongly suggests that the damages sought exceed $100,000.[18]

Plaintiff does not dispute the existence of diversity jurisdiction in her Motion for Remand or in her Reply to Defendant's Opposition. Instead, "Plaintiff acknowledges Defendant's assertions regarding diversity jurisdiction under 28 U.S.C. § 1332, including Defendant's position regarding citizenship of the parties and the amount in controversy" and argues that Alaska's significant local interest in insurance disputes and the application of Alaska insurance law warrant remand.[19]

Although Defendant presents only conclusory allegations and fails to provide any underlying facts supporting its assertion that the amount in controversy exceeds, the Court does not question the existence of diversity jurisdiction to a degree warranting supplemental briefing or additional evidentiary submissions at this time.[20] Considering the broad range of damages sought by Plaintiff, the itemized claims/damages information exchanged by the parties, the settlement

---

[18] Defendant cites to Alaska Statute § 22.15.030(a), which limits the jurisdiction of the Alaska District Courts by capping civil damages at $100,000 per defendant. Furthermore, under Alaska Statute § 22.15.030(b) and related procedural rules, filing a lower-value claim directly in the Superior Court is generally restricted when the District Court possesses concurrent jurisdiction. Accordingly, by explicitly filing in the Superior Court—which holds general jurisdiction over higher-value claims—the Plaintiff is legally signaling that her claim exceeds the $100,000 threshold.

[19] Docket 12 at 1.

[20] Requiring the parties to generate further evidentiary support would result in an inefficient use of judicial resources and conflicts with the Court's inherent authority to manage its docket in the interest of economy.

Case No. 3:26-cv-00184-ACP, *Freeman v. Safeco Insurance Company of America*
Order Denying Plaintiff's Motion for Remand
Page 4 of 6

discussions, that Plaintiff filed this case in the Alaska Superior Court instead of the District Court, and that Plaintiff does not specifically contest diversity jurisdiction, the Court can reasonably infer that the $75,000 amount-in-controversy requirement is satisfied.

Accordingly, the Court finds that diversity jurisdiction pursuant to 28 U.S.C. § 1332 exists and removal was proper pursuant to 28 U.S.C. § 1446(c). Plaintiff's contentions regarding prevailing state interests and controlling state laws are insufficient to defeat diversity jurisdiction under 28 U.S.C. § 1332 where complete diversity of citizenship and the requisite amount in controversy are established. Therefore, Plaintiff's **Motion for Remand at Docket 10 is DENIED.**

However, given Plaintiff's self-represented status and the strong presumption against removal jurisdiction,[21] this denial is without prejudice. **Plaintiff may file a renewed Motion to Remand if it clearly and in good faith reflects that the true amount in controversy fell below the $75,000 jurisdictional requirement at the time of removal.**[22] A renewed motion need not contain evidentiary submissions, but if Defendant then satisfies its "burden to put forward evidence showing that the amount in controversy exceeds" the

---

[21] *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

[22] Subsequent events or amendments that reduce the amount of damages below the jurisdictional minimum generally do not divest the Court of diversity jurisdiction. *See Lowder milk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 999 n. 5 (9th Cir. 2007). *See also St. Paul Mercury,* 303 U.S. at 292 ("And though, as here, the plaintiff after removal, by stipulation, by affidavit or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.").

Case No. 3:26-cv-00184-ACP, *Freeman v. Safeco Insurance Company of America*
Order Denying Plaintiff's Motion for Remand
Page 5 of 6

jurisdictional requirement, "the burden [then] shifts to plaintiff to produce evidence relevant to the amount in controversy at the time of removal."[23]

IT IS THEREFORE ORDERED:

1.     Plaintiff's motion for remand at **Docket 10 is DENIED without prejudice.**

2.     **Within 14 days of the date of this order,** Plaintiff may file a renewed Motion for Remand that clarifies the damages she seeks in this action.

3.     With its response to such a motion, Defendant must submit evidence, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal.

DATED this 23rd day of June, 2026, at Anchorage, Alaska.

> */s/ Aaron Christian Peterson*
> AARON CHRISTIAN PETERSON
> UNITED STATES DISTRICT JUDGE

---

[23] *Garcia v. Wal-Mart Stores Inc.,* 207 F. Supp. 3d 1114, 1120 (C.D. Cal. 2016) (citing *Ibarra,* 775 F.3d at 1197).

Case No. 3:26-cv-00184-ACP, *Freeman v. Safeco Insurance Company of America*
Order Denying Plaintiff's Motion for Remand
Page 6 of 6